UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

_____
                                   )
LDC, Inc.,                         )
                                   )
        Plaintiff,                 )
                                   )
    v.                             )   C.A. No. 16-463 S
                                   )
SNAPOLOGY JEWELRY, LLC,            )
                                   )
        Defendant.                 )
_____)

**MEMORANDUM AND ORDER**

WILLIAM E. SMITH, Chief Judge.

Before the Court is Defendant's Motion to Vacate the Entry of Default. (ECF No. 8.) For the reasons set forth below, Defendant's Motion is GRANTED.

I. Analysis

Plaintiff (LDC, Inc.) filed its Complaint on August 16, 2016, requesting various forms of relief related to Defendant's (Snapology Jewelry, LLC) alleged breach of contract. (See Complaint, ECF No. 1.) Defendant did not submit an answer or otherwise reply to that Complaint. On November 23, 2016, Plaintiff submitted a Motion for Entry of Default (ECF No. 6), and on December 14, 2016, default entered. (Clerk's Entry of Default dated 12/14/2016.)

On December 27, 2016, Defendant requested that the Court

vacate the Entry of Default. (Motion to Vacate the Entry of Default, ECF No. 8.) Defendant bears the burden of showing there is "good cause" to grant its Motion. McKinnon v. Kwong Wah Rest., 83 F.3d 498, 502 (1st Cir. 1996) (quoting Fed. R. Civ. P. 55(c)). The Court may look into all relevant factors in determining whether there is "good cause" as "[t]here is no mechanical formula." Indigo Am., Inc. v. Big Impressions, LLC, 597 F.3d 1, 3 (1st Cir. 2010). The three factors "typically considered are (1) whether the default was willful; (2) whether setting it aside would prejudice the adversary; and (3) whether a meritorious defense is presented." Id.

Taking the factors in reverse order, the last two considerations favor Defendant's position. Defendant has included in its motion evidence of a meritorious defense. (See Def.'s Mot. to Vacate 9, ECF No. 8-1, and accompanying affidavit and exhibits.) Additionally, there is no evidence that setting aside the judgment would prejudice Plaintiff. For example, there is no evidence of a "loss of evidence" or "increased difficulties of discovery." Fed. Deposit Ins. Corp. v. Francisco Inv. Corp., 873 F.2d 474, 479 (1st Cir. 1989). Moreover, as both parties have pointed out, issues related to this contract dispute are currently being litigated in the United States District Court for the Western District of Michigan. (See Def.'s Mot. to Vacate Ex. 14, ECF No. 8-16; Pl.'s Obj. Ex. 14, ECF No. 9-16.) Therefore, regardless of default in this case, litigation

on this matter will likely continue.

As to the "willfulness" consideration of the "good cause" analysis, the parties dispute how Defendant's default should be characterized. Plaintiff claims that Defendant's conduct was willful because Defendant made a tactical decision to ignore the Complaint. (Pl.'s Obj. 10, ECF No. 9-1.) Defendant responds by arguing that Plaintiff's service of process was faulty. (Def.'s Reply 2, ECF No. 10.) Defendant also points out (and Plaintiff acknowledges) that Defendant has been actively litigating issues related to this contract dispute in the United States District Court for the Western District of Michigan. (See Def.'s Mot. to Vacate Ex. 14, ECF No. 8-16; Pl.'s Obj. Ex. 14, ECF No. 9-16.)

The Court need not resolve this particular disagreement as to willfulness. Given the Court's previous analysis of the other relevant factors of a "good cause" analysis, and in light of Defendant's prompt response to the entry of default, the Court finds that Defendant has established good cause for the Court to vacate the entry of default.

II. Conclusion

Defendant's Motion to Vacate (ECF No. 8) is GRANTED. This case is STAYED pending the outcome of the Motion to Dismiss currently before the United States District Court for the Western District of Michigan. (See Pl.'s Obj. Ex. 14, ECF No. 9-16.)

IT IS SO ORDERED.

/s/ WESmith
_____
William E. Smith
Chief Judge
Date: February 3, 2017